Submitted on record and briefs December 11, 1991, portion of judgment vacated; otherwise affirmed February 26, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## BRIAN JOHN PILIP,
*Appellant.*

(C90-06-33467, C90-06-33840, C90-05-33142;
CA A67915 (Control), A67916, A67917)
(Cases Consolidated)

826 P2d 125

Lynne A. Dickison, Portland, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Carol J. Fredrick, Assistant Attorney General, Salem, filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Defendant seeks modification of the sentence imposed by the trial court after a trial on stipulated facts. The court found defendant guilty except for insanity on three charges of assault in the second degree. It further found that he poses a substantial danger to others and is not a fit candidate for conditional release. Therefore, it ordered defendant placed under the jurisdiction of the Psychiatric Security Review Board (PSRB) for 10 years.

Defendant asserts that the trial court erred by ordering PSRB to make certain treatment and discharge decisions. The trial court's judgment provides:

> "IT IS FURTHER ORDERED that, should the Psychiatric Security Review Board find defendant to be in remission due to medication, said defendant shall not be terminated from said Board jurisdiction based on this fact, but that instead, defendant may be placed in a community setting the Board might find appropriate for continued supervision, including supervised administration of medication, for the balance of his commitment to Psychiatric Security Review Board jurisdiction."

Once jurisdiction passes to PSRB, the trial court's jurisdiction terminates, and it has no authority to order conditions of release or otherwise interfere with PSRB's supervision of the case. ORS 161.327(1), (6).[1] Therefore, we vacate the portion

---

[1] ORS 161.327 provides, in relevant part:

"(1) Following the entry of a judgment pursuant to ORS 161.319 and the dispositional determination under ORS 161.325, if the court finds that the person would have been guilty of a felony, or of a misdemeanor during a criminal episode in the course of which the person caused physical injury or risk of physical injury to another, and if the court finds by a preponderance of the evidence that the person is affected by mental disease or defect and presents a substantial danger to others requiring commitment to a state mental hospital designated by the Mental Health and Developmental Disability Services Division or conditional release, the court shall order the person placed under the jurisdiction of the Psychiatric Security Review Board for care and treatment. The period of jurisdiction of the board shall be equal to the maximum sentence provided by statute for the crime for which the person was found guilty except for insanity.

"* * * * *

"(6) * * * Upon compliance with this subsection and subsections (1) and (2) of this section, the court's jurisdiction over the person is terminated and the board assumes jurisdiction over the person."

of the judgment that places conditions on PSRB's supervision and release of defendant.

Portion of judgment placing conditions on Psychiatric Security Review Board's supervision of defendant vacated; otherwise affirmed.